| 16 | 245 |
| 29 | 529 |
| 16 | 245 |
| 33 | 571 |

[No. 3085.]

## J. H. BROWN AND OTHERS *v.* THE STATE

1. DEFACING PUBLIC BUILDINGS — INDICTMENT — CONSTRUCTION OF A TERM.—The indictment in this case charges as follows:  "That J. H. Brown & C. C. Brown, J. A. True & J. H. True, late of the county of Young, on the fifteenth day of January, in the year of Our Lord one thousand eight hundred and eighty-three, with force and arms, in the county of Young, and State of Texas, did then and there wilfully injure and deface the school house known as the Flat Rock school house, said house being then and there a public school house, and was then and there held by said Young county as a public school house; against the peace and dignity of the State."  *Held,* that the sign "&," as used between the two words "Brown," and the two words "True," is synonymous with the conjunctive word "and," and sufficient to the validity of an indictment, though the use of the written word "and" is the better practice.

2. SAME.—"PUBLIC BUILDINGS," as used in Article 417 of the Penal Code, are declared by Article 418 of the same Code to mean the "Capitol, and all other buildings in the Capitol grounds, at the seat of governmont, including the General Land Office and the Executive Mansion, the various State Asylums, and all buildings belonging to either; all college or university buildings erected by the State; all court houses and jails, and all other buildings held for public use by any department or branch of government, State, county or municipal; and the specific enumeration of the above shall not exclude other buildings not named, properly coming within the meaning and description of a public building." *Held*, that the indictment in this case is insufficient, inasmuch as where it is attempted to charge the injury or defacement of any other public building than those specifically enumerated in said Article 418 of the Penal Code, the indictment must allege that such building was a "public building," and was "held for public use." A private building might be a "public school house," and not within the purview of the statute.

3. SAME.—The word "wilful," when used in a penal statute, means with evil intent.

4. SAME.—STATEMENT OF FACTS filed after the adjournment of court, unless such filing is shown by the transcript to have been authorized by the court, will not be considered by this court for any purpose.

APPEAL from the District Court of Young. Tried below before the Hon. B. F. Williams.

The opinion discloses the case. A fine of thirty dollars was assessed against each of the appellants as punishment.

*C. W. Johnson* and *O. E. Finlay,* for the appellants.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. The charge in the indictment upon which the appellants were tried and convicted was as follows, viz: "That J. H. Brown & C. C. Brown, J. A. True & J. H. True, late of the county of Young, on the fifteenth day of January, in the year of our Lord one thousand eight hundred and eighty-three, with force and arms, in the county of Young, and State of Texas, did then and there wilfully injure and deface the school house known as the Flat Rock school house, said house being then and there a public school house, and was then and there held by said Young county as a public school house; against the peace and dignity of the State."

This indictment was brought under the following articles of the Penal Code, viz:

"Article 417.   If any person shall wilfully injure or deface any public building in this State, he shall be fined not less than five nor more than five hundred dollars.

"Article 418.   The term 'public building,' used in the preceding article, means the Capitol and all other buildings in the Capitol grounds at the seat of government, including the General Land Office and the executive mansion, the various State asylums and all buildings belonging to either; all college or university buildings erected by the State, all court houses and jails, and all other buildings held for public use by any department or branch of government, State, county or municipal; and the specific enumeration of the above shall not exclude other buildings not named, properly coming within the meaning and description of a public building."

A motion to quash the indictment assigned the following grounds:

"1.   Because said indictment does not charge any offense known to the laws of Texas in the terms of the statute creating the same.

"2.   Because said indictment does not charge that the defendants wilfully injured or defaced a 'public building' within this State.

"3.   Because said indictment does not allege that Flat Rock school house was 'held for public use' by Young county.

"4.   Because said indictment does not aver with sufficient certainty the name or names of the party or parties committing the offense, in this, that by the use of the commercial sign "&" it is left uncertain whether two or more firms or one or more individuals committed the offense.

"5.   Because, by the omission of the conjunction "and" after C. C. Brown, the said indictment is too vague and uncertain in charging the names.

"6.   That said indictment does not charge the offense with sufficient certainty to place these defendants upon their defense."

We will notice the fourth and fifth grounds first and together. It will be noticed that the pleader used between the names of the defendants the sign or abbreviation "&," instead of the conjunction or word "and."   In the appendix to his unabridged dictionary, under the title "Miscellaneous," Mr. Webster makes the sign or abbreviation "&" mean the same as the word "and," and Mr. Richardson in his dictionary gives many illustrations from the old English authors under the word "and," showing

that the sign "&" was used synonymously with "and" as an abbreviation for the word "and." This style of abbreviation has come down to us sanctioned by age and common use for perhaps centuries, and is used even at this day in written instruments, in daily transactions, with such frequency that it may be said to be a part of our language when it is written. The abbreviation "A. D." before the figures indicate with certainty the year or era to which they were intended to refer, as much so as the words "Anno Domini," or "of our Lord," and many other like instances are cited by Mr. Bishop. (1 Bish. Crim. Proc., 3 ed., chap. 22, secs. 340 to 355 inclusive, and notes.) But whilst we hold that the use of the abbreviation " & " between the names of defendants in an indictment does not import a partnership, and that it is equivalent to the word "and," we think the better practice in indictments is to write all the words in full, and especially so, as in this instance, where the full word would require but little more writing than the abbreviation.

Let us now consider the other objections to the indictment.

Where it is attempted to charge the injury or defacement of any other "public building" than those specially enumerated in Article 418, *supra*, the indictment must allege that the building was a "public building," and "held for public use" by the county. A house may be a "public school house" without being a public house "held for public use" by the State, county or town. A private individual may own a house, and yet use it as "a public school house," as that is for the use of the public generally who desire to patronize his school by sending pupils to it. The law evidently contemplated that the buildings intended to be protected should be "public buildings," owned, or controlled, and held by the public authorities for "public use." The indictment before us does not allege that the building charged to have been injured was "a public building," nor that it was held for "public use." These statutory words are essential to a description of the offense.

We cannot consider the statement of facts found in the record, because the court, it appears, adjourned on the twelfth of May, and the statement was not filed until the sixteenth, four days after, and no order allowing it to be made up and filed after adjournment appears in the transcript. If we could consider the statement of facts and charge of the court, it might present the additional question whether the offense is shown to have been committed *with evil intent*, which is the meaning of

the word "wilful" when used in a penal statute. (*Thomas* v. *The State*, 14 Texas Ct. App., 204.)

Because the indictment is not sufficient to charge the offense for which the conviction was had, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*

Opinion delivered May 17, 1884.